# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
Doc. No. 3:07-cv-00415 (3:95-cr-00005)

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>        Plaintiff,                               )<br>                                                          )<br>    vs.                                              )<br>                                                          )<br>IN RE MARC PIÉRRE HALL ,           )<br>                                                          )<br>        Defendant.                           )<br>                                                          ) | ORDER |

THE MATTER is before the Court on Defendant's "Motion Pursuant to Rule 60(b)(5), (6) F.R. Cv. [sic] P." (Doc. No. 695 in case number 3:95-cr-00005). As a threshold matter, because the nature of Defendant's motion concerns the correction of his sentence, the motion is appropriately construed as a petition made pursuant to 28 U.S.C. § 2255, and the Clerk has opened a civil case accordingly.

Petitioner has already filed a petition pursuant to 28 U.S.C. § 2255. See Hall v. United States, No. 3:95-cv-61 (W.D.N.C. October 10, 2001). This Court granted summary judgment for the Government and dismissed the motion to vacate. Id. Furthermore, the Fourth Circuit Court of Appeals dismissed the appeal of that ruling in United States v. Hall, No. 01-7871, No. 01-7893 (unpublished) (4th Cir. February 11, 2002), and subsequently denied Petitioner's petition for writ of *certiorari* in that matter, Hall v. United States, No. 02-5100 (unpublished) (4th Cir. October 7, 2002).

Additionally, the record is clear in this case that Petitioner, on numerous occasions, has attempted to file successive applications for relief from his sentence. In every instance, this Court and the Fourth Circuit Court of Appeals either dismissed or denied Petitioner's request for relief.

See In Re: Marc Pierre Hall, No. 99-6882 (unpublished) (4th Cir. December 27, 1999) (denying Petitioner for Writ of Mandamus regarding Petitioner's judgment and conviction order and pre-sentence investigation report); United States v. Hall, No. 99-6547, No. 99-61-3 (unpublished) (4th Cir. February 22, 2000) (dismissing appeal); United States v. Hall, No. 00-6597 (unpublished) (4th Cir. October 2, 2000) (affirming district court's order denying Petitioner's request to convene a special grand jury under 18 U.S.C. § 3332); United States v. Hall, No. 3:95-cr-05-01, No. 3:99-cv-61, (W.D.N.C. January 31, 2001) (denying motion for reconsideration); In Re: Marc Pierre Hall, 07-177 (denying motion pursuant to 28 U.S.C. § 2244 for authorization to file a successive application for relief).

As Petitioner is well aware, under the Antiterrorism and Effective Death Penalty Act (AEDPA), "a second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . . ." 28 U.S.C. § 2255 (2007). Therefore, because this is not Petitioner's first motion to vacate, set aside, or correct sentence, the Petitioner must first certify his claim with the Fourth Circuit Court of Appeals before he can file his successive claim in this District Court.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion is **DISMISSED**.

**IT IS SO ORDERED.**

Signed: October 1, 2007

Frank D. Whitney
United States District Judge